**John H. ROLFS et al., Petitioners and Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent and Appellee.**

**No. 72-2701.**

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1973.

Walter G. Schwartz, San Francisco, Cal., for petitioners and appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Division, U. S. Dept. of Justice, Lee H. Henkel, Jr., Chief Counsel, I. R. S., Washington, D. C., for respondent and appellee.

Before CHAMBERS, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Taxpayers appeal from a decision of the Tax Court determining deficiencies in their income taxes for 1965. The Tax Court's opinion is reported at 58 T. C. 360.

Gain from the disposition of shares acquired under a restricted stock option plan is treated as ordinary income if the disposition takes place within six

months of the transfer of shares to the option holder. 26 U.S.C. §§ 421(b) and 424(a)(1). "Transfer" for this purpose means " . . . the transfer of ownership of such share, or the transfer of substantially all the rights of ownership . . ." 26 C.F.R. § 1.421–1(f).

Under the terms of taxpayers' employer's option plan, taxpayers could exercise their options and give promissory notes to cover the purchase price. But the plan provided that the taxpayers acquired no rights in the shares until the amounts owing on the notes were paid in full. Thus the "transfer" called for by the Code and Regulations did not occur until the amounts owing on the notes were paid. Taxpayers did not pay off their notes until within six months of the subsequent sale, and therefore did not satisfy the holding period required to qualify the gain as long-term capital gain. Swenson v. C. I. R., 309 F.2d 672 (8th Cir., 1972), does not help taxpayers. Under the option plan in that case, the employees acquired substantial ownership rights at the time they exercised their options.

Affirmed.